[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Regarding Termination of Parental Rights
On June 28, 2001 this Court presided over a trial in the matter of Inre Willow H. The Department of Children and Families (the department) has petitioned for termination of parental rights, alleging that both mother and father had abandoned this child. The department further alleges that the child's mother has failed to rehabilitate within a reasonable period of time and that mother's parental rights had been terminated in the past.
The testimony and exhibits provided at the hearing provided the following procedural history. On January 2001 Willow H was born in Waterbury, Connecticut. At the time of her birth Willow needed treatment for cocaine and marijuana toxins as well as for a strep infection. The newborn infant required drug detoxification. Once stabilized, she was released to a foster home where she has remained throughout her short life. Shortly thereafter, the department filed the instant a petition for termination of parental rights.
The State introduced the following exhibit:
Exhibit A: Social Study in Support of the Petition for Termination of Parental Rights dated June 7, 2001.
Based on the testimony and documentary evidence presented, this Court makes the following findings:
A: There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to locate both mother, Monique H, and the child's father, currently identified as John Doe.
Respondent Mother has led a transient lifestyle and has therefore made it difficult either the department or her counsel to maintain contact with her. She has named several individuals as Willow H's possible father. All named individuals were excluded after court ordered paternity testing.
B. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to reunify the child with her parents. CT Page 9848
In the present case, the Department made reasonable efforts. However, because respondent mother has abandoned her child and has not made herself available to either the court, the department or counsel, the efforts were not successful. The identity of the child's father is not known.
C. There is clear and convincing evidence that the following has existed:
 (1) The child has been abandoned. Both parents have failed to maintain a reasonable degree of interest, concern or responsibility.
Willow H's parents have never contacted the department concerning this child. She was simply left at the hospital after birth. The utter lack of attention, concern and responsibility has been striking.
 (2) Respondent mother has failed to achieve such degree of personal rehabilitation as would encourage the belief that with a reasonable time she could assume a responsible position in her child's life.
Willow H is the second child of respondent mother for whom the department sought termination of parental rights. Willow has an older sister who, after a period of department custody, had been adopted. Although the department made extensive efforts, respondent mother never addressed her drug addition, lack of housing and lack of income. Maternal bonding has been non-existent.
D. Termination is in the best interests of the child by clear and convincing evidence.
In arriving at this decision, the court has considered the following factors:
 1. The timeliness, nature and extent of services offered or provided to facilitate the reunion of child with parents.
The department was immediately available for this family, offering services in a variety of areas. Mother was totally non-compliant. Father remains unknown.
 2. The terms of any applicable court order, and the extent to which the parties have fulfilled their obligations under the order.
Neither parent has ever contacted either the court or the department. Neither sought visitation with their child; neither inquired about the CT Page 9849 welfare of this child. In summary, they have ceased to acknowledge their child's existence. Furthermore, they failed to adhere to any of the court's expectations.
 3. Feelings and emotional ties of the child with respect to her parents and any person who exercised physical care, custody and control of the child for at least one year with whom the child has developed significant emotional ties.
Willow H was a sickly infant at the time she entered her present foster care placement. Since this arrangement she has not had contact with her biological mother. She has never had any contact with her biological father.
Neither parent has ever contacted the Department of Children and Families to Inquire about the welfare of this child. Neither has provided financial support. Neither has offered resources to their child. Neither has acknowledged the special anniversaries or holidays generally considered important by children.
Willow has a strong, loving relationship with their current foster parents and the siblings in that household. The child turns to these foster parents for comfort and reassurance.
4. Age of the Child
Willow is nearly six months old.
 5. Parents efforts to adjust their circumstances to make it in the best interests of the child to return home in the foreseeable future, including the extent of parental contact or communication with the child's guardian or custodian.
To the knowledge of this court, neither parent has made any effort to accommodate the needs of this child.
 6. Extent to which the parents have been prevented from maintaining a meaningful relationship with the child by unreasonable acts of the child, other parent or other person or economic circumstances.
Neither parent has been prevented from maintaining a meaningful relationship with the child. They merely chose not to exercise this right.
7. Whether the Department of Children and Families has made reasonableCT Page 9850 efforts to reunite the family pursuant to the federal Child Welfare Act of 1980.
The department has made every reasonable effort to reunite this family. Unfortunately at the present time, termination of parental rights is in the best interests of this infant.
The statutory parent for Willow H shall be the Commissioner of the Department of Children and Families. A case plan must be filed within thirty days.
Julia DiCocco Dewey, Judge July 9, 2001